Opinion filed July 29,
2010 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00030-CR 

                                                    __________

 

                           TIMOTHY
PURCELL GILPIN, Appellant

                                                            
V.

                                  
STATE OF TEXAS, Appellee



 

                                   On
Appeal from the 220th District Court

 

                                                        Comanche
County, Texas

 

                                        Trial Court Cause
No. 98-01-02063-CCCR-A

 



 

M
E M O R A N D U M   O P I N I O N

            This
is an appeal from the trial court’s order denying an application for writ of
habeas corpus.  Tex. R. App. P. 31.  The
appeal was abated in order that the trial court could enter appropriate
findings under Tex. Code Crim. Proc. Ann.
art. 11.072, § 7(a) (Vernon 2005).  Based on the trial court’s findings that a
new trial should be granted, the order denying the application is reversed, and
the cause is remanded to the trial court for a new trial.

            The
trial court originally convicted Timothy Purcell Gilpin, upon his plea of
guilty, of the offense of misapplication of fiduciary property and assessed his
punishment at confinement for six years.  Pursuant to the plea bargain
agreement, the trial court suspended the imposition of the sentence and placed
appellant on community supervision for six years.  Appellant filed an
application for writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005)
contending that his plea of guilty was not knowingly, voluntarily, or
intelligently entered and that he had not received effective assistance from
his trial counsel.  Appellant argued that his trial counsel failed to advise
him that he could avoid deportation if he would accept the offer of deferred
adjudication.  He did not pursue deferred adjudication, was adjudicated guilty and
placed on community supervision, and now faces deportation.

            In
response to our abatement, the trial court found that trial counsel knew appellant
was not a citizen of the United States, that trial counsel negotiated plea
options of either deferred adjudication or “regular probation,” and that
appellant chose “regular probation” because he was unable to pay his
restitution up front as required by the deferred adjudication plea agreement
due to bankruptcy.  The trial court further found that trial counsel was not
aware and did not warn appellant that a plea to “regular probation” would
necessarily result in his deportation.  In its findings, the trial court stated
that trial counsel did advise appellant that he did not have to enter into a
plea bargain if he had any questions, that trial counsel told appellant that he would refer him to immigration counsel if appellant
wanted, and that appellant would not have pleaded guilty pursuant to the
agreement if he had known that deportation would necessarily have been the
result.

The
trial court then concluded that appellant’s plea was involuntarily and
unknowingly made because he was unaware that deportation would necessarily be
the result.  The trial court also concluded that appellant should be granted
the relief he requested in his application:  a new trial.

Therefore,
we sustain appellant’s arguments that his plea was neither knowingly nor
voluntarily entered.  The order denying the application is reversed, and the
cause is remanded to the trial court for a new trial.

 

                                                                                    PER
CURIAM

 

July 29, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.